**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

ALAIN HERRERA MADAN,

     Petitioner,

v.                                Case No. 2:26-cv-2094-MSN-tmp

CHRISTOPHER BULLOCK,

     Respondent.

---

**ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET,
DENYING EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE AND FOR
EXPEDITED BRIEFING SCHEDULE,
DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241,
AND DIRECTING CLERK TO SEND COPIES TO UNITED STATES**

---

This matter is one of the hundreds of habeas cases filed in this district and nationwide that challenge a change in policy and statutory interpretation at the Department of Homeland Security ("DHS") regarding Immigration and Customs Enforcement's ("ICE") authority to detain aliens present in—but not lawfully admitted to—the United States. The pivotal question in these matters is whether these aliens are "applicants for admission" who must be detained without bond under Section 1225(b)(2)(A) of the Immigration and Nationality Act ("INA"), or if they are instead subject to Section 1226 of the INA, which provides for discretionary bond hearings.

## BACKGROUND

Petitioner, Alain Herrera Madan, is an alien detained at the West Tennessee Detention Facility in Mason, Tennessee, who has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1, "Petition.")

Petitioner entered the United States without inspection on approximately January 6, 2024. (ECF No. 1 at PageID 7.)  He was detained and then released pursuant to 8 U.S.C. § 1226(a); the Petition, however, does not specify when or where either of these occurred.  (ECF No. 1-2 at PageID 12.)  Petitioner has also applied for asylum but, again, the Petition contains no details about the date of his application.  (ECF No. 1 at PageID 7.)

Petitioner was arrested on January 5, 2026, while attending an ICE check-in.  (ECF No. 1-2 at PageID 12.)  DHS now classifies Petitioner as an alien who is an "applicant for admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A), mandating detention.  (ECF No. 1 at PageID 2, 6–7.)  Petitioner seeks immediate, unconditional release from custody.  He asserts that he is entitled to relief for a variety of reasons, including that the Government has incorrectly interpreted and applied the relevant statutory framework, that his continued detention violates due process, and that this Court is bound by the decisions of the district court in the Central District of California in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-1873. (*See* ECF No. 1-2 at PageID 11–15.)

## ANALYSIS

To start, there are two preliminary issues.  First, the proper respondent in a habeas matter is the ICE District Director for the district in which the alien is being detained.  *See Roman v. Ashcroft*, 340 F.3d 314, 320–22 (6th Cir. 2003).  The proper respondent in this case is Christopher Bullock, the New Orleans Field Office Director for ICE Enforcement and Removal Operations. The Clerk is **ORDERED** to substitute Christopher Bullock for Scott Ladwig as the Respondent.

Second, the legal arguments and factual circumstances in this matter are indistinguishable from those addressed in the Court's prior decision in *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602 (W.D. Tenn. Feb. 13, 2026).  It therefore appears from the Petition that Petitioner is not entitled to a writ of habeas corpus.  *See* 28 U.S.C. § 2243.  Because of that,

2

although the Court has previously issued orders to show cause in similar cases, it exercises its discretion to forgo that step here. *See id.* Petitioner's Emergency Motion for an Order to Show Cause and for Expedited Briefing Schedule (ECF No. 9) is **DENIED**.

Turning to the merits, for the reasons stated in *Gonzalez*, the Court has jurisdiction in this matter, and it will not require Petitioner to exhaust his administrative remedies. 2026 WL 413602, at \*2–3 (citations omitted). However, Petitioner is not entitled to relief as requested in his Petition. As explained in *Gonzalez*, Petitioner is an "applicant for admission," who falls into the "catchall" category described in § 1225(b)(2)(A), and he is therefore subject to mandatory detention pending completion of removal proceedings under § 1229a. *See id.* at \*3–10 (citations omitted).

Second, because Petitioner has not been lawfully admitted to the United States, he is considered to still be "on the threshold of the border, regardless of his literal physical location." *Id.* at \*11 (citing *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020)). As "an alien seeking initial admission to the United States," he "requests a privilege and has no constitutional rights regarding his application." *Id.* (citing *Landon v. Plascentia*, 459 U.S. 21, 32 (1982)). He is, however, "entitled to the full panoply of statutory rights and procedures authorized by 8 U.S.C. § 1229a, because that is what has been afforded by Congress." *Id.* (citing 8 U.S.C. § 1225(b)(2)(A)). But there is nothing in the record indicating that this process is not being afforded, so Petitioner's due process claim also fails. *See generally id.* at \*11–12.

Finally, in *Maldonado Bautista v. Santacruz*, the court granted class certification and declaratory relief to a "Bond Eligible Class" of individuals situated similarly to Petitioner, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3288403, at \*9 (C.D. Cal. Nov. 25, 2025) ("Class Cert. Order"), and then entered a partial final judgment, *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3713982, at \*6–7 (C.D. Cal. Dec. 18, 2025) ("Partial

3

Judgment"). The declaratory relief that was purportedly extended to all class members was "an individualized bond hearing or release [ ] from detention." *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873, 2025 WL 3713987, at *2 (C.D. Cal. Dec. 18, 2025) ("Consolidated Order"). The court also indicated its intention to grant "classwide vacatur of the unlawful DHS policy." *Maldonado Bautista* (Partial Judgment), 2025 WL 3713982, at *4. However, as this Court previously concluded, "the *Maldonado Bautista* relief, to the extent it purported to be universal, was ultra vires. Thus this Court is not precluded from arriving at contrary conclusions of law and is not required to grant the relief that the *Maldonado Bautista* court believed appropriate." *Gonzalez*, 2026 WL 413602, at *13. As explained above, Petitioner is not entitled to relief, and the Partial Judgment in *Maldonado Bautista* providing otherwise is not binding on this Court. *See id.*

## **CONCLUSION**

As the Court expressed in *Gonzalez*, DHS's policy shift is, without a doubt, a difficult change for Petitioner and the multitude of other similarly situated individuals nationwide. The Court is sensitive to the impact this has on them, their families, and the ties that many of them have developed in this country. But courts are not policymakers, nor are they empowered to unilaterally change the plain text of a statute to avoid an outcome the law demands. And whether DHS's policy shift "is the best or wisest use of executive enforcement priorities, or whether it is in line with the priorities of prior Administrations, simply is not the remit of an Article III court." *Gonzalez*, 2026 WL 413602, at *13 (citing *Cabanas v. Bondi*, No. 4:25-CV-04830, 2025 WL 3171331, at *6 (S.D. Tex. Nov. 13, 2025)).

For the reasons set forth above, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **DENIED**. A judgment will be entered accordingly.

The Clerk is **ORDERED** to provide a copy of this Order and the judgment via email to the following: (1) the United States Attorney for the Western District of Tennessee at michael.dunavant@usdoj.gov, and (2) the Civil Chief of the United States' Attorney's Office at stuart.canale@usdoj.gov.

**IT IS SO ORDERED**, this 23rd day of April, 2026.

_s/ Mark S. Norris_

MARK S. NORRIS
UNITED STATES DISTRICT JUDGE