**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

ALAIN HERRERA MADAN,

      Petitioner,

v.                                                         Case No. 2:26-cv-2094-MSN-tmp

CHRISTOPHER BULLOCK,

      Respondent.

---

**ORDER GRANTING IN PART MOTION TO ALTER OR AMEND THE JUDGMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

---

Petitioner, Alain Herrera Madan, is an alien detained at the West Tennessee Detention Facility in Mason, Tennessee, who filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1, "Petition.")  The Court denied the Petition, finding that neither statutory law nor the Constitution entitled Petitioner to relief.

On May 11, 2026, a panel of the United States Court of Appeals for the Sixth Circuit held that at least some aliens residing in the interior of the United States are entitled to a bond hearing pending their removal proceedings. *See Lopez-Campos v. Raycraft*, -- F.4th --, 2026 WL 1283891 (6th Cir. May 11, 2026).  Based on *Lopez-Campos*, Petitioner filed a Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 13, "Motion").  The Court directed Respondent to file an expedited response to the Motion, including addressing whether Petitioner was entitled to relief based on *Lopez-Campos*.  In response, the Government filed a Notice of Intervening Authority (ECF No. 17, "Notice").  According to his Notice, Respondent is evaluating whether to seek further appellate review of *Lopez-Campos*, but he acknowledges that

*Lopez-Campos* is binding on this Court and controls the outcome in this case.  Respondent says that, subject to his reservation of all rights to appeal *Lopez-Campos*, the Court should order that Petitioner be provided with a custody redetermination hearing within 10 days, and if that does not occur, Petitioner should be released from custody.  (*Id.*)

*Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a), which provides for a bond hearing pending the aliens' removal proceedings.  So although Petitioner requests immediate release, that is not the relief to which he is entitled under § 1226.

Accordingly, based on the Sixth Circuit's decision in *Lopez-Campos* and Respondent's agreement that it controls here, the Motion to Alter or Amend the Judgment Pursuant to Federal Rule of Civil Procedure 59(e) (ECF No. 13) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days of the date of this Order.**  The bond hearing should be conducted in accordance with the normal procedures that were applicable prior to the decision of the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 228 (BIA 2025).  If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time.  An amended judgment will be entered accordingly.

**IT IS SO ORDERED**, this 27th day of May, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE